IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   19-mc-36

**SAMUEL KATZ, ALEXANDER BRAURMAN,** and **LYNNE RHODES**, individually and on behalf of all others similarly situated,

    Petitioners,

v.

**STARTEK, INC.,** and **StarTek USA, Inc.**, Delaware and Colorado corporations,

    Respondents.

### PETITIONERS' MOTION TO COMPEL COMPLIANCE WITH THEIR SUBPOENA

**I.    Procedural Background to Petitioners' Subpoena**

Samuel Katz, Alexander Braurman, and Lynne Rhodes are plaintiffs in the case captioned *Katz v. Liberty Power Corp., LLC*, No. 18-10506, pending in United States District Court for the District of Massachusetts ("Plaintiffs"). (*See Katz v. Liberty Power Corp., LLC*, No. 18-10506, Second Amended Class Action Complaint (D. Mass. Nov. 14, 2018), ECF No. 109.)

Plaintiffs allege the defendants in the underlying action, Liberty Power Corp., LLC and Liberty Power Holdings, LLC (collectively, "Defendants"), and/or their agents violated various provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations (including 47 C.F.R. § 64.1200) ("TCPA"). Defendants have indicated Mezzi Marketing LLC ("Mezzi") was one of Defendants' telemarketers who placed telemarketing calls to Plaintiffs that are at issue in the Katz action. (Preston Decl. ¶6.) On February 27, 2019, the court for the underlying case in Massachusetts set a deadline for the "parties [to] complete discovery relevant to the alleged TCPA violations committed against the named Plaintiffs by

May 22, 2019."[1] (*Katz v. Liberty Power Corp.*, LLC, No. 18-10506, Order (D. Mass. Feb. 27, 2019), ECF No. 125.)

On April 3, 2019, Plaintiffs served a subpoena ("Subpoena") on StarTek, Inc. and StarTek USA, Inc. ("StarTek") for various documents, including documents related to (1) calls that Mezzi made for Defendants and (2) calls Defendants or their telemarketers made to Plaintiffs' telephone numbers.[2] (*Id*. ¶8.) The Subpoena's production deadline was April 19. (*Id*.) Plaintiffs need these documents to prove Defendants' telemarketers called Plaintiffs, and to ensure the integrity of Defendants' own document production and filling in any missing documents from that production. The Subpoena seeks other documents about lost evidence and communications about the Subpoena itself, to ensure the integrity of StarTek's production. *See* Fed. R. Civ. P. 26 advisory committee's notes for 2015 amendment (evidence on "existence, description, nature, custody, condition, and location of [relevant] documents" is discoverable).

On April 22, 2019, StarTek contacted Plaintiffs' counsel, acknowledging a production on

---

[1] On August 17, 2018, the Defendants moved to bifurcate discovery. (*Katz v. Liberty Power Corp., LLC*, No. 18-10506, Defendants' Motion to Bifurcate Individual and Class Discovery (D. Mass. Aug. 17, 2018), ECF No. 67.) In their motion, the Defendants expressly excluded Plaintiffs' third-party discovery from bifurcation: "**Defendants are not seeking any restriction on Plaintiffs' use of third-party discovery, including subpoenas**." (*Id*. at 15) On February 27, 2018, the court in the underlying case granted Defendants' motion to bifurcate discovery. (Katz v. Liberty Power Corp., LLC, No. 18-10506, Order (D. Mass. Feb. 27, 2019), ECF No. 125.) On April 11, 2018, the court in the underlying case entered an order clarifying the February 27 bifurcation order:
> ECF No. [125], Memorandum and Order limits discovery to the issues pertaining specifically to the individual plaintiffs, including the issues identified in the bifurcation motion. This includes information available directly from the plaintiffs and from their service providers. It does not include discovery on Defendants overall implementation of Do-Not-Call policies or questions of agency. Summary Judgment motions should be limited to issues that can be briefed based on that level of discovery.

(*Katz v. Liberty Power Corp., LLC*, No. 18-10506, Order (D. Mass. Apr. 11, 2019), ECF No. 135.)

[2] Some of these documents may also be relevant to Defendants' agency relationship with Mezzi, to the extent that the bifurcation orders incorporates Defendants' exclusion of any third-party discovery from bifurcation in their motion. *See supra*, at 2 n.1.

the Subpoena "was due to you this past Friday 4/19," and sought direction on the Subpoena. (*Id*. ¶9.) On April 23, StarTek's in-house counsel emailed Plaintiffs' counsel, acknowledging that "the response date has already passed," that he was "reviewing the subpoena and will respond as necessary," and alerting Plaintiffs that StarTek would contact Defendants about the Subpoena. (*Id*.) On April 24, Plaintiffs' counsel indicated that some delay on production was acceptable, but that they had to meet the May 22 deadline in the underlying case. (*Id*. ¶10.) On April 26, StarTek's in-house counsel emailed to indicate that he was "working with [StarTek's] team to gather any responsive information." (*Id*. ¶11.)

On April 30, 2019, StarTek referred the matter to its outside counsel. (*Id*. ¶12.) On May 1, Plaintiffs' counsel met and conferred telephonically with StarTek's counsel, explained that the Subpoena was necessary to fill in gaps in Defendants' production, and again reiterated that Plaintiffs could not afford to delay up until their May 22 deadline. (*Id*.) On May 3, StarTek's counsel advised that StarTek objected to the Subpoena:

> StarTek objects to your clients' subpoena as unduly burdensome. StarTek is a third party, and the documents and data sought by the subpoena should be obtained from Defendants in the normal course of discovery, including Third-Party Defendant Mezzi Marketing. The view that Defendants have not met their discovery obligations does not justify the burden the subpoena imposes on StarTek. Without waiving this objection, StarTek agrees it will review available records for documents potentially responsive to the subpoena. It is undertaking that effort and will respond back shortly concerning the results of its review and potentially responsive documents.

(*Id*. ¶13.) Plaintiffs' counsel responded by advising that Plaintiffs would have to proceed to seek relief from the Court. (*Id*.)

**II.   StarTek's Objections Are Waived and Lack Merit**

**Waiver:** At the outset, StarTek's objection comes thirty (30) days after Plaintiffs served the Subpoena, and fourteen (14) days after the Subpoena's deadline for production. Under Rule

45, objections to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "'Courts generally have held that failure to object in writing to a subpoena duces tecum within the time specified in this rule constitutes a waiver of objections.'" Amica Mut. Ins. Co. v. Whois Privacy Prot. Serv., Inc., No. 12-00262, 2012 WL 1657728, *3 (D. Colo. May 11, 2012) (citing *W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00–2043, 2002 WL 1822425, at *1 (D. Kan. July 23, 2002)). *See also Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990) (waiver of objections to subpoena for failure to object in a timely fashion). "[F]ailure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena and of the right to recover costs of production." *Angell v. Shawmut Bank Conn. Nat. Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994) (quoted by *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426 (D.N.J. 2004)).

There are no good grounds to excuse waiver here. StarTek did not contact Plaintiffs until after the Subpoena's production date. Further, StarTek's in-house counsel at least suggested StarTek would comply with the Subpoena through at least April 30, while StarTek knew that Plaintiffs face a May 22 discovery deadline. Objections served four days late have been ruled as waived. *Richter v. Mutual of Omaha Ins. Co.*, No. 06-011, 2006 WL 1277906, *3 (E.D. Wis. May 5, 2006) ("objection [that] was filed four days late [was] deemed waived under [Rule] 45(c)(2)(B); citing *Angell*, 153 F.R.D. at 590).

**Undue Burden:** StarTek's objection to burden is waived, but it would lack merit even if it was not waived. "If the objecting party claims that a subpoena is unduly burdensome, the alleged burden must usually be established 'by affidavit or other reliable evidence.'" *Masters v. Gilmore*, No. 08-02278, 2009 WL 4016003, *4 (D. Colo. Nov. 17, 2009) (quoting *Hertz v. Luzenac Am., Inc.*, No. 04–1961, 2006 WL 994431, *12 (D. Colo. Apr. 13, 2006); citing *Burton*

*Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992)).

**Party Discovery:** StarTek's objection that Plaintiffs should obtain discovery from Defendants is also incorrect. Plaintiffs have been unable to obtain complete discovery from Defendants, and seek third-party discovery to help resolve some troubling discrepancies with Defendants' production. (Preston Decl. ¶¶6-7.) Indeed, Defendants' motion on bifurcation expressly excluded third-party discovery from the limits placed on first-party discovery. (*Katz v. Liberty Power Corp., LLC*, No. 18-10506, Defendants' Motion to Bifurcate Individual and Class Discovery (D. Mass. Aug. 17, 2018), ECF No. 67 at 15.)

StarTek's status as a third party does not excuse it from complying with a valid subpoena. "The administration of justice would not be aided . . . by a rule relieving [third parties] from giving particular evidence on the sole ground that they are not parties to the suit." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987).

> [T]here is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession. . . . [I]n appropriate circumstances, production from a third party will be compelled in the face of an argument that the "same" documents could be obtained from a party, because there is reason to believe that the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions.

*Viacom Int'l, Inc. v. YouTube, Inc.*, No. 08-80129, 2008 WL 3876142, *2-3 (N.D. Cal. Aug. 18, 2008) (quoting *Visto Corp. v. Smartner Info. Sys., Ltd.*, Nos. 06-80339, 2007 WL 218771, *3 (N.D. Cal. Jan. 29, 2007); compelling compliance with subpoena where there was no "reason to believe that [defendant] retained all communications and documents shared" with witness receiving subpoena). *See also Ambu, Inc. v. Kohlbrat & Bunz Corp.*, No. 99-20, 2000 WL 17181, *7 (W.D.N.C. Jan. 6, 2000) (subpoena enforced where plaintiffs did "seek [subpoenaed] information from a party before resorting to third parties," but "the answers received were incomplete and evasive"). While Plaintiffs would have also preferred to obtain these documents

from Defendants in the first place, that is not a viable option.

### III. Plaintiffs Seek Relief

Plaintiffs ask the Court to compel StarTek to produce all documents responsive to the Subpoena (including its communications with Defendants) **no later than May 22**, and to certify (on personal knowledge) that StarTek's production is complete, or to explain the extent of any documents that StarTek is unable to produce, and the reason it is unable to produce the same.

Dated: May 3, 2019

By: /s/ Steven L. Woodrow
Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Ethan Preston (pro hac vice to be filed)
ep@eplaw.us
Preston Law Offices
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiffs Samuel Katz, Lynne Rhodes, and Alexander Braurman, individually and on behalf of similarly situated individuals*