**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:     19-mc-36

**SAMUEL KATZ, ALEXANDER BRAURMAN,** and **LYNNE RHODES**, individually and on behalf of all others similarly situated,

      Petitioners,

v.

**STARTEK, INC.,** and **StarTek USA, Inc.**, Delaware and Colorado corporations,

      Respondents.

---

**DECLARATION OF ETHAN PRESTON**

---

ETHAN PRESTON hereby declares:

    1.    My name is Ethan Preston. I am over the age of eighteen and am fully competent to make this declaration. I am one of the attorneys representing the Plaintiffs in this proceeding and the underlying action pending in the District of Massachusetts. I have personal knowledge of all of the facts set forth in this declaration and could testify thereto if called to do so, except where specifically stated otherwise.

    2.    I represent Samuel Katz, Alexander Braurman, and Lynne Rhodes as the plaintiffs in the case captioned *Katz v. Liberty Power Corp., LLC*, No. 18-10506, pending in United States District Court for the District of Massachusetts ("Plaintiffs"). (*See Katz v. Liberty Power Corp., LLC*, No. 18-10506, Second Amended Class Action Complaint (D. Mass. Nov. 14, 2018), ECF No. 109.) Plaintiffs allege the defendants in the underlying action, Liberty Power Corp., LLC and Liberty Power Holdings, LLC (collectively, "Defendants"), and/or their agents violated various provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its

implementing regulations (including 47 C.F.R. § 64.1200) ("TCPA").

3.      On August 17, 2018, the Defendants filed a motion to bifurcate discovery. (*Katz v. Liberty Power Corp., LLC*, No. 18-10506, Defendants' Motion to Bifurcate Individual and Class Discovery (D. Mass. Aug. 17, 2018), ECF No. 67.) In their motion, the Defendants expressly excluded Plaintiffs' third-party discovery from bifurcation: "**Defendants are not seeking any restriction on Plaintiffs' use of third-party discovery, including subpoenas**."

4.       On February 27, 2018, the court in the underlying case granted Defendants' motion to bifurcate discovery, and set a deadline for the "parties [to] complete discovery relevant to the alleged TCPA violations committed against the named Plaintiffs by May 22, 2019." (*Katz v. Liberty Power Corp., LLC*, No. 18-10506, Order (D. Mass. Feb. 27, 2019), ECF No. 125.) On April 11, 2018, the court in the underlying case entered an order clarifying the February 27 bifurcation order:

> ECF No. [125], Memorandum and Order limits discovery to the issues pertaining specifically to the individual plaintiffs, including the issues identified in the bifurcation motion. This includes information available directly from the plaintiffs and from their service providers. It does not include discovery on Defendants overall implementation of Do-Not-Call policies or questions of agency. Summary Judgment motions should be limited to issues that can be briefed based on that level of discovery.

(*Katz v. Liberty Power Corp., LLC*, No. 18-10506, Order (D. Mass. Apr. 11, 2019), ECF No. 135.)

5.      At a minimum, Plaintiffs still need call records which evidence all Mezzi's calls to the individual Plaintiffs for summary judgment.

6.      **Discrepancies in Defendants' Discovery Responses:** On May 1, 2019, Defendants served answers to interrogatories which stated, in relevant part, "Mezzi Marketing called [Katz's telephone number] ten times from the telephone number 508-202-1270. See Bates

LP_3856, 2409," although Defendants denied that Mezzi acted as their agent when it made these calls.

7.     Plaintiffs have obtained many documents showing that Defendants controlled Mezzi, and in particular were able to obtain any call records Defendants sought from Mezzi. However, Defendants have not produced any call records evidencing Mezzi's calls to Katz's telephone number. Defendants have not produced any call records of calls to other Plaintiffs, although it is clear that Defendants included the other Plaintiffs' contact information in call lists that were uploaded to Defendants' telemarketers (including Mezzi). (LP_001245-57, LP_003528, LP_003529.) These are just examples of the troubling discrepancies in Defendants' production, and Defendants have repeatedly refused to discuss the scope of their search or production.

8.     **The Subpoena:** On April 3, 2019, Plaintiffs served a subpoena ("Subpoena") on StarTek, Inc. and StarTek USA, Inc. ("StarTek") for various documents, including documents related to (1) calls that Mezzi made for Defendants and (2) calls Defendants or their telemarketers made to Plaintiffs' telephone numbers. A true and correct copy of the Subpoena (and proof of service) is attached as Exhibit 1 to this Declaration, except Plaintiffs' telephone numbers have been partially redacted to preserve their privacy. The Subpoena's production deadline was April 19.

9.     **StarTek's Untimely Response:** On April 22, 2019, StarTek sent an email to Plaintiffs' counsel, which stated the production for the Subpoena "was due to you this past Friday 4/19," and sought direction on the Subpoena. On April 23, Plaintiffs' counsel responded by explaining the nature of the case, and the nature of the documents sought by the Subpoena. Later that day, StarTek's in-house counsel emailed Plaintiffs' counsel, acknowledging that "the

response date has already passed," that he was "reviewing the subpoena and will respond as necessary," and alerting Plaintiffs that StarTek would contact Defendants about the Subpoena.

10.     On April 24, 2019, Plaintiffs' counsel sent an email to which stated in relevant part: "We do have a discovery deadline later in May. If StarTek can produce responsive documents far enough in advance of that May deadline for us to confirm the production, the missed April 19 deadline is not a real concern for us."

11.     On April 26, 2019, StarTek's in-house counsel emailed to indicate that he was "working with [StarTek's] team to gather any responsive information."

12.     On April 30, 2019, StarTek referred the matter to its outside counsel. A true and correct copy of the relevant email chain which includes most of the foregoing communications is attached as Exhibit 2 to this Declaration. On May 1, Plaintiffs' counsel met and conferred telephonically with StarTek's counsel, explained that the Subpoena was necessary to fill in gaps in Defendants' production, and again reiterated that Plaintiffs could not afford to delay up until their May 22 deadline.

13.     **StarTek's Untimely Objection:** On May 3, 2019, StarTek's counsel advised that StarTek objected to the Subpoena:

> StarTek objects to your clients' subpoena as unduly burdensome. StarTek is a third party, and the documents and data sought by the subpoena should be obtained from Defendants in the normal course of discovery, including Third-Party Defendant Mezzi Marketing. The view that Defendants have not met their discovery obligations does not justify the burden the subpoena imposes on StarTek. Without waiving this objection, StarTek agrees it will review available records for documents potentially responsive to the subpoena. It is undertaking that effort and will respond back shortly concerning the results of its review and potentially responsive documents.

Later that day, Plaintiffs' counsel responded by email stating:

> I appreciate the prompt and candid response. Our view is that these objections were waived under Rule 45(d)(2)(B), and that any in event the Defendants' failure

to produce documents (however regrettably) does permit and require Plaintiffs to pursue discovery from StarTek, and that Plaintiffs cannot wait to proceed to Court in the hopes that either Defendants or StarTek will produce documents.

Please call me at 415 842 4666 if you have any questions or comments.

14.     **Certification:** Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury

under the laws of the United States of America that the foregoing is true and correct.

Dated: May 3, 2019                  By: ___s/Ethan Preston_____
                                            Ethan Preston

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | | |
|---|---|---|
| SAMUEL KATZ, | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  No. 1:18-cv-10506 |
| LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC, DAVID HERNANDEZ, et al | ) ) | |
| _Defendant_ | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   StarTek, Inc. and StarTek USA, Inc., 8200 E. Maplewood Ave., Suite 100, Greenwood Village, Colorado
        c/o The Corporation Company, 7700 E Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached production schedule

| Place: Woodrow & Peluso LLC<br>        3900 East Mexico Avenue, Suite 300<br>        Denver, Colorado 80210 | Date and Time:<br><br>04/19/2019 3:00 pm |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/02/2019

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | _Attorney's signature_ |
| _Signature of Clerk or Deputy Clerk_ | | |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiff Sam Katz                                                                    , who issues or requests this subpoena, are:

Ethan Preston, Preston Law Offices, 4054 McKinney Avenue, Ste 310, Dallas, TX 75204, (972) 564-8340, ep@eplaw.us

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. No. 1:18-cv-10506

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#10005; I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

&#10005; I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____      _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, ALEXANDER BRAURMAN, LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>     v.<br><br>LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC, Delaware limited liability companies,<br><br>          Defendants. | No. 1:18-cv-10506<br><br>**PRESERVATION INSTRUCTIONS AND PRODUCTION SCHEDULE FOR SUBPOENA TO STARTEK, INC. AND STARTEK USA, INC.** |
| LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC,<br><br>          Third-Party Plaintiffs,<br>     v.<br><br>MEZZI MARKETING, LLC,<br><br>          Third-Party Defendant. | |

## PRESERVATION AND PRODUCTION INSTRUCTIONS

The attached subpoena places StarTek, Inc. and StarTek USA, Inc. ("StarTek") on notice that StarTek has a duty to preserve evidence relevant to the above-captioned case, including in particular all communications, call records, audio recordings, emails, Excel spreadsheets, and other documents received from, provided to, and/or related to Liberty Power Corp., LLC and/or Liberty Power Holdings, LLC, their agents (including Mezzi Marketing, LLC), partners, attorneys, servants, employees, assignees, affiliates, and/or anyone acting for or on behalf of them. Failure to obey a subpoena could render StarTek liable to sanctions for contempt of court. *See* Fed. R. Civ. P. 45(e). Federal law provides criminal penalties for any person who "corruptly ... obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of

justice[.]" 18 U.S.C. § 1503(a). *See also* 18 U.S.C. § 401(3) (court may punish "[d]isobedience

or resistance to its lawful writ, process, order, rule, decree, or command" by "fine or

imprisonment, or both, at its discretion"). Contact the counsel identified above if there are any

questions about the subpoena or your obligations thereto.

The duty to preserve created by a subpoena extends to documents and other evidence

within StarTek's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii). StarTek has

"control" over evidence or documents where it has the right to obtain the documents upon

demand. StarTek may be doing business as Ideal Dialogue Company, or control a business called

the Ideal Dialogue Company.

It is likely that most of the documents requested in this subpoena are electronic. Effective

preservation of documents requires you to identify and inventory the physical media where

requested electronic documents may be found. Such physical media can take any number of

forms, and the following list is provided for illustrative purposes: (1) hard drives attached to

personal computers, laptops, and servers; (2) external, networked or detached drives; (3) archive

or backup tapes; (4) portable drives (Flash USB drives and external hard drives connected via

USB or FireWire); (5) optical media (i.e., CDs and DVDs); (6) floppy discs; (7) portable devices

including wireless devices and other PDAs; and (8) volatile memory (i.e., RAM) of the

foregoing devices. Document custodians should be alerted that relevant documents may be found

in any of the foregoing media, and that a single item of computer media may contain multiple

file systems.

## PRODUCTION SCHEDULE

**Instructions:**

StarTek is required to respond to the attached subpoena in a manner that is consistent

with Federal Rule 45. The following instructions do not limit the scope of StarTek's obligations under the Rule 45, but are merely meant to remind or inform it of these duties and to provide examples of compliance with those duties.

### A.    Definitions

With respect to this Subpoena,

1.    The term "document" means any information that is fixed in a tangible form and stored in a medium from which it can be retrieved and examined. This definition includes, but is not limited to, emails, computer files in every kind and format, as well as writings of every kind, any correspondence, books, records, logs, reports, memoranda, abstracts, advertisements, agreements, appointment records, audio recordings (whether transcribed or not), balance sheets, bills, books of account, certificates, communications, checks, compilations, papers, transcriptions or summaries of conversations, diaries, drafts, disks, notes, notations, plans and specifications, graphs, tapes, slides, computer programs, computer print-outs, entries, estimates, expense records, financial analyses, financial statements, forms, handbooks, telegrams, income statements, indices, intra-office and inter-office communications, invoices, itemizations, journals, letters, meeting reports, minutes, notes, payroll records, photocopies, photographs, press releases, prospectuses, publications, receipts, records of account, reports, resolutions, statements, statistical records, studies, summaries, system analyses, and time records.

2.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

3.    The term "concerning" means referring to, describing, evidencing, or constituting.

4.    The term "Liberty Power" means Liberty Power Corp., LLC and/or Liberty Power Holdings, LLC as well as their principals, partners, attorneys, servants, employees, assignees, affiliates, and/or anyone acting for or on behalf of them, and/or any predecessor, successor, affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

5.    The term "Mezzi" means Mezzi Marketing, LLC and/or any person affiliated with the domain name "mezzimarketing.com" (including any using an email address which contains the domain name "mezzimarketing.com") as well as their principals, partners, attorneys, servants, employees, assignees, affiliates, and/or anyone acting for or on behalf of them, and/or any predecessor, successor, affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent,

partnership, entity, or natural person.

6.    The term "call record" means all documents, including audio recordings, concerning calls during the time period of March 17, 2014 to the present. Call records should include all categories and/or fields of data or metadata which are stored by and/or accessible to StarTek, including by way of example but without limitation the following:

    a.  The originating party (i.e., the telephone number of the party originating the call);

    b.  The terminating party (i.e., the telephone number of the party receiving the call);

    c.  The dialed number (i.e., the number that the originating party dialed);

    d.  The designation or identification of the dialer used to make the call;

    e.  The designation or identification of the campaign in which the call was made;

    f.  The disposition of the call;

    g.  The date the call was initiated (i.e., month, day, year);

    h.  The time the call was initiated (i.e., hour, minute, second);

    i.  The duration of the call (i.e., hours, minutes, seconds);

    j.  Any call features and/or feature codes applied to the call (e.g., pre-recorded voice, click-to-dial, call-forwarding, call-forwarding to voicemail, forward-to number, call-waiting, three-way calling, interactive voice response, etc.);

    k.  Original originating number (i.e., the number that originated the call before call forwarding was invoked);

    l.  Carrier Identification Code ("CIC") for interexchange carrier calls;

    m.  Telephone switch identification originating the call; and

    n.  Telephone switch identification terminating the call.

**B.    Scope**

In StarTek's response to the Subpoena, it shall produce (in addition to all documents in

its possession or custody) all documents which it has a right to demand. By way of example, but

without limitation, it shall produce all responsive documents found in the possession or custody

of its agents, partners, attorneys, servants, employees, assignees, affiliates, and/or anyone acting

for or on behalf of it, and/or any predecessor, successor, affiliate, subsidiary, parent or related

corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary,

related corporation, parent, partnership, entity, or natural person. StarTek may be doing business

as Ideal Dialogue Company, or control a business called the Ideal Dialogue Company.

### C.    Production of Electronic Documents

StarTek shall produce any electronic documents requested herein in "native format,"

meaning the format in which they are ordinarily used or accessed by it outside of litigation.

Native format explicitly includes application-specific metadata (like File Properties for StarTek

Word .doc files) and file system metadata (like the date of creation and modification and file

permissions stored in an NTFS-formatted file system). In particular, StarTek shall produce

electronic documents with their original filepath.

File system metadata can be preserved by archiving responsive electronic documents in a

.tar file, a .zip file, or an .iso file. These archival formats can simplify preservation of time-

related metadata. These archival formats can also be used to simplify preservation of file

systems' overall directory structure (and thereby responsive documents' filepath) by initially

including the file systems' root directory in the archive, and then manually excluding all non-

responsive directories and files. If it prefers, StarTek may use a .tar, .zip, .iso, or similar archival

file format to produce all responsive documents on a particular file system. (The documents

contained within the archive file should still be produced in their native format.)

However, where responsive electronic documents are in a file format that is not

accessible by mass-market software, StarTek shall produce the file in a format accessible by mass-market software. If possible, the documents should be translated in a manner that preserves the original documents' metadata. Typically, data in databases should be produced in plain text (i.e., ASCII or Unicode) format, with appropriate delimiters to preserve differentiation between different data fields (which may include tabs or commas), and clear identification of such data fields. Please coordinate with Plaintiffs' counsel early on so that the logistics of translating such electronic documents can be worked out in advance of the production deadline. If possible, the documents should be translated in manner that preserves the original documents' metadata. Conversion of documents from other formats to a .tiff or .pdf format is not acceptable for a number of reasons. **DO NOT CONVERT DATA STORED IN A DATABASE FORMAT TO PDF FORMAT: YOU WILL BE REQUIRED TO REPRODUCE THAT DATA.**

There are a variety of ways to authenticate electronic documents. For instance, StarTek may wish to assign a Bates number or calculate a hash value for each electronic document produced, or each archival file, or even each CD or hard drive. A hash is a mathematical or cryptographic "signature" of a file, and can be used to authenticate documents with only minimal time and resources. In either event, StarTek can ensure the integrity of the electronic documents you produce by including a cryptographic hash value for each document (or each archive). These hash values can be used to label particular productions, and to ensure that the productions are not altered.

### D.    Manner of Production

StarTek shall organize the requested documents either "as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(d)(1)(A). If StarTek does not organize and label produced

documents, it must demonstrate that it produced the documents as they are kept in the usual course of business. StarTek may be obliged to substantiate that the documents it produces are produced as they are kept in the ordinary course of business.

StarTek should produce documents on optical media (CDs or DVDs) or on a portable hard drive. Ideally, it should produce documents on read-only optical media (such as CDs or DVDs). StarTek should produce documents within an image file on a hard drive where production on optical media is impractical (because of storage limitations) or the translation to an optical media file system materially alters documents.

If StarTek has paper documents without any electronic originals, those documents should be scanned into a .pdf format in a manner that ensures that they are legible and searchable. Please coordinate with Plaintiff's counsel early on, so that the logistics of scanning such paper documents in can be worked out in advance of the production deadline. For environmental and logistical reasons, documents that cannot be scanned should be produced on paper only as a last resort.

### E.     Objections

Any objections to the Subpoena must conform to Rule 45(d)(2)(B). Any grounds for objection that is not stated in a timely objection are waived. If documents are withheld under a claim of privilege or protection as trial-preparation material, StarTek shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which it claims support the application of such privilege) in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the applicability of the privilege or protection. *Cf.* Fed. R. Civ. P. 45(e)(2). A privilege log or equivalent should be prepared with your response to the Subpoena, or an extension should

negotiated beforehand.

Defendants or other third parties may serve you with objections to your production in response to this subpoena. These objections do not require or permit StarTek to delay your production in response to this subpoena. Defendants and other third parties must file a motion for protective order or a motion to quash the subpoena if they wish to prevent your production, and they have limited standing to do so. *Cf.* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(d)(3).

This subpoena seeks metadata and other information which do not constitute "contents" of any communication, as that term is used in 18 U.S.C. § 2702.

### Schedule of Documents to be Produced by StarTek, Inc. and StarTek USA, Inc.:

1.  All documents (including call records) assembled and/or prepared for, provided to, accessible via, and/or received from Liberty Power concerning (a) calls Mezzi made for Liberty Power; (b) Liberty Power onboarding, paying, training, disciplining, and/or terminating Mezzi (or any individual involved in Mezzi's calls); (c) rosters showing persons Mezzi used for calls for Liberty Power; (d) Mezzi's creation, preparation, transmission and/or making available of call records (including audio recordings) of calls for Liberty Power; and/or (e) policies, practices, guidelines, or rules that Liberty Power required Mezzi to follow, or which Liberty Power applied to Mezzi.

2.  All documents (including call records) assembled and/or prepared for, provided to, accessible via, and/or received from Liberty Power concerning calls made to any of the following telephone numbers, since March 17, 2014: (508) 966-█; (508) 966-█; (978) 877-█; (617) 997-█; (908) 879-█; (617) 962-█; and/or (508) 540-█. These telephone numbers may be found in audio file names, and/or data fields in Excel spreadsheets (including recording IDs).

3.  All documents concerning any communication regarding the case captioned above (including this Subpoena and StarTek's response to this subpoenaor the First Subpoena) between StarTek and another person (excluding Plaintiffs and their attorneys).

4.  All documents concerning any incident in which any document which would be or would have been responsive to this subpoena was destroyed, delinked, de-referenced, deleted, and/or access to such document was lost (including by way of example but not limited to any document retention policy under which any document which would be or would have been responsive to this subpoena was destroyed, delinked, de-referenced, deleted, and/or access to such document was

lost).

5.      To the extent that you intend to charge Plaintiff any cost or expense for complying with this subpoena, all documents on which you may rely to support such cost or expense.

6.      To the extent that you object to this subpoena, every document on which you may rely to support such objection in any dispute regarding this subpoena.

Dated: April 2, 2019   By: _____

David C. Parisi
dcparisi@parisihavens.com
Suzanne Havens Beckman
shavens@parisihavens.com
**PARISI & HAVENS LLP**
212 Marine Street, Unit 100
Santa Monica, California 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman
ylieberman@parasmoliebermanlaw.com
Grace E. Parasmo
gparasmo@parasmoliebermanlaw.com
**PARASMO LIEBERMAN LAW**
7400 Hollywood Boulevard, Suite 505
Los Angeles, California 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Ethan Preston
ep@eplaw.us
**PRESTON LAW OFFICES**
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Plaintiffs Samuel Katz, Alexander Braurman, and Lynne Rhodes, on their own behalf, and behalf of all others similarly situated*

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the foregoing document was

this date served upon the parties below under Fed. R. Civ. P. 5(b) by causing a copy of the

foregoing to be placed in the United States Mail, postage prepaid, and sent to their last known

address as follows:

> Craig R. Waksler
> ECKERT SEAMANS CHERIN & MELLOTT, LLC
> 2 International Place, 16th Floor
> Boston, Massachusetts 02210
>
> Charles A Zdebski
> Jeffrey P. Brundage
> ECKERT SEAMANS CHERIN & MELLOTT, LLC
> 1717 Pennsylvania Avenue, NW, 12th Floor
> Washington, District of Columbia 20006
>
> *Attorneys for Defendants*

Dated: April 2, 2019   By: _____

> Ethan Preston
> **PRESTON LAW OFFICES**
> 4054 McKinney Avenue, Suite 310
> Dallas, Texas 75204
> Telephone: (972) 564-8340
> Facsimile: (866) 509-1197
> ep@eplaw.us
>
> *Attorneys for Plaintiff Plaintiffs Samuel Katz,*
> *Alexander Braurman, and Lynne Rhodes, on their*
> *own behalf, and behalf of all others similarly*
> *situated*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* <br> Ethan Preston, 263295 <br> Preston Law Offices <br> 4054 McKinney, Suite 310 <br> Dallas, TX 75204 | TELEPHONE NO.: <br> (972)564-8340 | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR *(Name):* Plaintiff | Ref. No. or File No. | |

| Insert name of court, judicial district or branch court, if any: <br> United States District Court, District of Massachusetts-One Legal National <br><br> Washington, MA |
|---|

| PLAINTIFF: <br> Samuel Katz |
|---|

| DEFENDANT: <br> Liberty Power |
|---|

| **PROOF OF SERVICE** | DATE: <br> 04/19/2019 | TIME: <br> 3:00PM | DEPT/DIV: | CASE NUMBER: <br> No. 1:18-cv-10506 |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; PRESERVATON INSTRUCTIONS AND PRODUCTION SCHEDULE FOR SUBPOENA TO STARTEK, INC. AND STARTEK USA, INC.

2. Person Served (name): StarTek, Inc. and StarTek USA, Inc. by serving The Corporation Company - ANGELA HODGES  - Person Authorized to Accept

3. Date and Time of Delivery: 04/03/2019          2:52PM

4. Address where served: 7700 E Arapahoe Road, Suite 220

   Centennial, CO 80112

5. I received the above document(s) for service on (date): 04/02/2019

6. Witness Fees: Witness fees and mileage both ways were not demanded or paid.

Fee for service (including Witness Fees if paid) $: 180.00

**Not a registered California process server.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Joshua Aragon
One Legal - 194-Marin
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954
415-491-0606

Signature:  *Joshua Aragon*
                       Joshua Aragon

OL# 13029196

# EXHIBIT 2

RE: Katz v. Liberty Power Corp.

**Subject:** RE: Katz v. Liberty Power Corp.
**From:** Doug Tackett <Doug.Tackett@startek.com>
**Date:** 4/30/19, 10:05 AM
**To:** Ethan Preston <ep@eplaw.us>
**CC:** 'Shaun Lieberman' <ylieberman@parasmoliebermanlaw.com>, "David C. Parisi" <dcparisi@parisihavens.com>, "Sturhahn, Jerome H." <jsturhahn@shermanhoward.com>

Ethan, I have turned this over to our outside counsel, Jay Sturhahn, who is copied on this e-mail.  I expect he will be in touch with you.

Doug

---

**From:** Ethan Preston <ep@eplaw.us>
**Sent:** Monday, April 29, 2019 10:00 AM
**To:** Doug Tackett <Doug.Tackett@startek.com>
**Cc:** 'Shaun Lieberman' <ylieberman@parasmoliebermanlaw.com>; David C. Parisi <dcparisi@parisihavens.com>
**Subject:** Re: Katz v. Liberty Power Corp.

Hi Doug, we wanted to check back in on StarTek and get the status of the production. Thanks, Ethan

On 4/26/19 10:12 AM, Doug Tackett wrote:

> Thanks Ethan. I am working with our team to gather any responsive information.
>
> Doug
>
> ---
>
> **From:** Ethan Preston <ep@eplaw.us>
> **Sent:** Wednesday, April 24, 2019 10:59 AM
> **To:** Doug Tackett <Doug.Tackett@startek.com>
> **Cc:** 'Shaun Lieberman' <ylieberman@parasmoliebermanlaw.com>; David C. Parisi <dcparisi@parisihavens.com>
> **Subject:** Re: Katz v. Liberty Power Corp.
>
> Dear Mr. Tackett,
>
> We do have a discovery deadline later in May. If StarTek can produce responsive documents far enough in advance of that May deadline for us to confirm the production, the missed April 19 deadline is not a real concern for us. We did of course provide Liberty Power's counsel notice of the subpoena.
>
> Thanks,

RE: Katz v. Liberty Power Corp.

Ethan Preston

On 4/23/19 9:33 PM, Doug Tackett wrote:

Gentlemen,

My name is Doug Tackett and I am the Chief Legal Officer for StarTek. I am in receipt of the attached subpoena in the above referenced matter. There was some confusion in our organization upon receiving this subpoena as we are accustomed to receiving subpoenas for employee records and this matter was originally routed as such. It was brought to my attention within the past 10 days but, unfortunately, I was out of the country on business and was not able to attend to it upon receipt. I note that the response date has already passed, but I am hopeful that will not be an issue.

In any event, I wanted to let you know that I am reviewing the subpoena and will respond as necessary. I also wanted to let you know that as a matter of client courtesy, I will be informing Liberty Power's counsel of the matter. I am sure they are already aware that the subpoena was issued, but I have certain obligations given Liberty Power's status as a current or former customer.

If you have any questions or concerns, please do not hesitate to let me know.

**Doug Tackett** | **Global Chief Legal and Compliance Officer & Secretary**

STARTEK
**www.startek.com**
**STARTEK Denver**
8200 E. Maplewood Avenue, Suite 100
Greenwood Village, CO 80111
**615.678.1729 Direct** | **615.483.2308 Mobile**
**doug.tackett@startek.com**

DISCLAIMER:
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which it is addressed. Any views or opinions presented are solely those of the author and do not necessarily represent those of STARTEK, Inc.

If you are not one of the named recipients or otherwise have reason to believe that you have received this message in error, please notify the sender at the contact number above and delete this message from your computer. Any other use, retention, dissemination, forwarding, printing or copying of this email is strictly prohibited.