IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-MC-00036

**SAMUEL KATZ, ALEXANDER BRAURMAN,** and **LYNNE RHODES**, individually and on behalf of all others similarly situated,

    Petitioners,

v.

**STARTEK, INC.,** and **StarTek USA, Inc.**, Delaware and Colorado corporations,

    Respondents.

## PETITIONERS' *EX PARTE* APPLICATION TO SHORTEN TIME

    1.    Petitioners Samuel Katz, Alexander Braurman, and Lynne Rhodes ("Petitioners") bring this unopposed *ex parte* application to shorten time for the briefing on their motion to compel ("Motion") StarTek, Inc. and StarTek USA, Inc. ("StarTek") under Rule 6(c)(1)(C).

    2.    Petitioners apply to the Court to set StarTek's deadline to file an opposition to the Motion for May 14, 2019.

    3.    Petitioners are plaintiffs in the case captioned *Katz v. Liberty Power Corp., LLC*, No. 18-10506, pending in United States District Court for the District of Massachusetts. On February 27, 2019, the court for the underlying action case in Massachusetts set a deadline for the "parties [to] complete discovery relevant to the alleged TCPA violations committed against the named Plaintiffs by May 22, 2019." (*Katz v. Liberty Power Corp., LLC*, No. 18-10506, Order (D. Mass. Feb. 27, 2019), ECF No. 125.)

    4.    On April 3, 2019, Petitioners served a subpoena ("Subpoena") on StarTek, Inc. and StarTek USA, Inc. ("StarTek"). On May 3, 2019, StarTek objected to the Subpoena, and

Petitioners filed their Motion. (*Cf*. Preston Decl. ¶13.)

5.      StarTek accepted service of the Motion via email on May 6, 2019. The ordinary operation of the Local Rules gives StarTek until May 27 to oppose the Motion. D.C.COLO.LCivR 7.1(d). This means that the Court will not rule on Petitioners' Motion until after Petitioners' deadline for individual discovery in their underlying case, unless Petitioners shorten the time for briefing on their Motion.

6.      Petitioners make an *ex parte* application to set StarTek's deadline to file an opposition to the Motion for May 14, 2019. Rule 6 provides that a hearing may be set for a shorter interval than otherwise permitted "when a court order—which a party may, for good cause, apply for ex parte—sets a different time." Fed. R. Civ. P. 6(c)(1)(C). There is good cause to shorten the briefing schedule for Petitioners' Motion. If Petitioners do not obtain relief on their Motion before May 22, they risk the loss of the opportunity to take discovery from StarTek. Losing the opportunity to take discovery would unduly prejudice Petitioners. The Subpoena seeks evidence Defendants' telemarketers called Plaintiffs, and discovery to identify and fill certain documents missing from Defendants' own document production, and to ensure the integrity of Defendants and StarTek's productions. *(Cf*. Preston Decl., ECF No. 1-1 ¶¶6-7 ("Preston Decl.*) with* Fed. R. Civ. P. 26 advisory committee's notes for 2015 amendment (evidence on "existence, description, nature, custody, condition, and location of [relevant] documents" is discoverable).)

7.      Further, Petitioners could not have reasonably avoided this risk of prejudice. Petitioners reasonably relied on StarTek's representations that it would comply with the Subpoena until May 3, the first date that StarTek objected to the Subpoena.[1] (*Cf*. Preston Decl.

---

[1]   The Subpoena's production deadline was April 19, 2019 (a Friday). On April 22 (a Monday), StarTek contacted Plaintiffs' counsel. (Preston Decl. ¶9.) On April 23, StarTek's in-house

¶13 *with Truth About Proposition #2 v. Cox*, No. 18-00702, 2018 WL 4855269, at *3 (D. Utah Oct. 5, 2018) (no good cause where "need for an expedited briefing schedule could have easily been avoided if the Plaintiffs had filed their Motion sooner").)

8. Indeed, StarTek continues to make qualified commitments it will comply with the Subpoena. While these representations are doubtless in good faith, Petitioners nonetheless need to obtain discovery on the Subpoena prior to May 22 (as Petitioners have explained repeatedly in the meet and confer process). (*Id*. ¶¶10, 12-13.) Petitioners recognize of course it may be impossible for StarTek to make an unqualified and unconditional commitment to comply with the Subpoena, but they are still faced with the possibility of a serious risk of undue prejudice if they fail to act diligently to secure StarTek's production by May 22.

9. That said, Petitioners and StarTek continue to meet and confer productively. Petitioners are optimistic that they will achieve a voluntary resolution that will render the Motion moot. If that happy situation comes to pass, Petitioners will naturally withdraw the Motion.

10. Petitioners have met and conferred with StarTek. On May 6, 2019, Petitioners provided StarTek a draft of this application (which also proposed a May 14 opposition deadline) and asked StarTek to "agree not to oppose the attached application shortening time on its opposition deadline, or at least propose a counteroffer that addresses our May 22 deadline[.]"

11. On May 7, 2019, StarTek indicated that it opposed Petitioners' draft application, and that, while it understood Petitioners' "predicament," the "better course is to allow [StarTek] to respond to the subpoena, rather than forcing this into motion practice on issues that won't actually achieve the end of determining what we might have to produce in response to the

---

counsel emailed Plaintiffs' counsel that he was "reviewing the subpoena and will respond as necessary." (*Id*.) On April 26, StarTek's in-house counsel emailed to indicate that he was "working with [StarTek's] team to gather any responsive information." (*Id*. ¶11.) On April 30, 2019, StarTek referred the matter to its outside counsel. (*Id*. ¶12.)

subpoena." StarTek indicated that it "committed that [it is] gathering potentially responsive documents to see what [it has] to produce," and had "committed resources to this task."

12. While Petitioners appreciate StarTek has committed to *gathering* responsive documents, StarTek has not committed to *producing* all responsive documents—and Petitioners do not have an effective mechanism to enforce any such commitment in advance of their May 22 deadline in any event. Petitioners indicated to StarTek they "appreciate[d] [it] has committed resources to the task, but it has not made any commitment to make a complete production, and certainly not one that [Petitioners] could enforce in the face of [their] May 22 deadline."

13. Petitioners also provided StarTek's counsel with an email between a StarTek division (Ideal Dialogue) and the defendants in the underlying case, stating:

> I do want to reassure you at least that there are responsive documents. Liberty Power produced roughly 15 emails between it and Ideal Dialogue. Many of these emails reflect calls to our clients. For instance, the csv in the attached email contains a recording ID "508540XXXX - Jason Roger   09152016" (in row 4775) reflecting a call made in September 2016 to (508) 540-XXXX.

14. Petitioners have received roughly 15 emails sent between the defendants and StarTek from Defendants' various document productions. In light of the discrepancies in Defendants' document productions, Petitioners need to confirm whether there are more.

15. Again, Petitioners make an *ex parte* application to set StarTek's deadline to file an opposition to the Motion for May 14, 2019. (Petitioners will endeavor to reply as soon as possible thereafter, but no later than May 17, 2019.) This briefing scheduling seeks to provide adequate time to ensure StarTek complies with whatever order the Court may enter in advance of Petitioners' May 22 deadline.

Dated: May 8, 2019                By:   s/Ethan Preston
                                        Ethan Preston
                                        ep@eplaw.us

Preston Law Offices
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiffs Samuel Katz, Lynne Rhodes, and Alexander Braurman, individually and on behalf of similarly situated individuals*